Richard H. FULTON, Metropolitan County Mayor, Glenn Ferguson, Metropolitan Trustee, Jim Ed Clary, Metropolitan Assessor of Property (of the Metropolitan Government of Nashville and Davidson County), and the Metropolitan Government of Nashville and Davidson County, Petitioners,

v.

STATE BOARD OF EQUALIZATION (OF TENNESSEE), Commerce Union Bank, United American Bank of Nashville, First American National Bank of Nashville, Respondents.

Supreme Court of Tennessee.

Aug. 28, 1978.

William F. Howard, James D. Luther, Robert G. Wheeler, Jr., Dept. of Law of the Metro Government of Nashville and Davidson County, Nashville, for petitioners.

Robert J. Warner, Jr., Mary A. Calvani, Dearborn & Ewing, Brooks McLemore, Jr., Atty. Gen., Nashville, for respondents.

COOPER, Justice.

## OPINION

This case is before us to determine whether a petition filed in the chancery court by the Metropolitan Government of Nashville and Davidson County was timely filed.

This dispute began when the Metropolitan Government, the petitioner before this court, made a tax assessment of the intangible personal property of the respondent, Commerce Union Bank, and two · other Nashville banks. The banks, questioning the correctness of the assessment, appealed, first to the Davidson County Board of Equalization, and then to the Assessment Appeals Commission (Commission). The Commission is a body created by the State Board of Equalization (Board), to which the Board has delegated its duties and jurisdiction. *See* T. C. A. § 67–831(b). Under T. C. A. § 67–831(b)(9) and (10),

> (9) [a]ctions taken by the assessment appeals commission [are] final as if the actions [had been] taken by the state board of equalization; provided, however, that the state board of equalization may, in its sole discretion, within thirty (30) days of any final action taken by the assessment appeals commission, enter an order requiring a review of the action of the assessment appeals commission by the state board of equalization, in which the action shall not become final until the state board of equalization has rendered its final decision on the matter. . . .

> (10) If the state board of equalization [does] not exercise its discretion to review a· matter heard by the assessment appeals commission, the assessment appeals commission [issues] a certificate of assessment or other final certificate of its actions, which certificate [is] subject to judicial review in the same manner as are final actions of the state board of equalization.

On April 7, 1977, the Commission ruled in favor of the banks, and issued certificates of assessment with respect to the banks' property. The certificates contained the provisos that they would not be final for thirty days, and then only if the Board had not entered an order requiring review. On April 28, 1977, the petitioner wrote to David Whitefield, the executive secretary of the Board, seeking a review of the Commission's action by the Board. There is no

indication in the record that the petitioner ever received any direct response from Mr. Whitefield. It appears, though that the petitioner did receive a copy of the following letter, dated May 4, 1977, which was sent by Whitefield to an attorney for the respondent:

This is to advise you that the Metropolitan Government of Nashville and Davidson County has requested the State Board of Equalization to review the decision of the Assessment Appeals Commission. . . .

As you know, the State Board has the discretion to review actions of the Assessment Appeals Commission.

I shall place this matter on the agenda for the next meeting of the Board. I expect to call a meeting of the Board within the next three or four weeks. . .

In view of this request, the decision of the Assessment Appeals Commission shall not be considered final until the State Board of Equalization decides whether or not to review this matter. . . .

The next meeting of the Board, of which all the parties were notified, took place on June 6, 1977. At that meeting, the Board declined to review the Commission's decision. The parties were notified of the result by letter dated June 27, 1977.

On August 8, 1977, the petitioner filed a petition for judicial review in chancery court. The respondent filed a motion to dismiss, contending that the petition was not timely. Under T. C. A. § 4–523(b), petitions for the judicial review of a final agency decision must be filed within sixty days of that decision. The respondent argued that the final decision subject to review in this case was the certificate issued by the Commission, which, by its terms, became final on May 7, 1977, and that the period in which judicial review could have been sought expired sixty days from that date, on July 6th. The chancellor denied the respondent's motion, ruling that the sixty days had begun to run on June 27, 1977, when the parties were notified of the Board's refusal to review the Commission's action. The chancellor did, however, allow an interlocutory appeal on the question.

On appeal, the Court of Appeals reversed and dismissed, on two grounds. First, the court held that, under the plain language of T. C. A. § 67–831(b)(9), the decision of the Commission had become final on May 7,

thirty days after it had been handed down. The court reasoned that, while the effectiveness of the Commission's action could have been stayed by an order of the Board requiring review, such an order was never entered. The letter from Whitefield, quoted above, does indicate that the effectiveness of the Commission's decision had, in some manner, been stayed. However, it does not purport to be an "order requiring review" under the terms of the statute, nor could it be one, as such an order must be issued by the Board, and is beyond the authority of its executive secretary. Except for such an order, there is no manner by which either the Board or its executive secretary may prevent an action of the Commission from becoming final. Therefore, the Court of Appeals found that the period during which the Commission's order was subject to judicial review expired on July 6th, sixty days after it had become final. Secondly, the court found that, even if it were assumed that the Board had taken jurisdiction of the case, the period for review ended sixty days after the final decision of the Board on June 6th—i. e. August 5th—not sixty days after the parties were notified. Therefore, even on this view, the petition was three days late.

■■■ We agree with the reasoning of the Court of Appeals, in so far as it is predicated on the complete lack of authority on the part of the Board's executive secretary to stay the effectiveness of an action by the Commission, and the lack of authority on the part of the Board itself to do so without issuing an "order requiring a review of the action" under T. C. A. § 67–831(b)(9). However, we believe that the Court of Appeals failed to consider properly the impact of T. C. A. § 67–831(b)(10) on the procedure followed in this case. As we noted previously, this section of the statute provides that

[i]f the state board of equalization [does] not exercise its discretion to review a matter heard by the assessment appeals commission, the assessment appeals commission shall issue a certificate of assessment . . . . [emphasis supplied]

It is the issuance of the certificate of assessment that gives the parties notice that the assessment is final and marks the beginning of the time period given the parties to seek review of the assessment in the chancery court. It should also be noted that while not necessarily designed to do so,

an obvious effect of issuing a definite, unconditional order at the time the assessment by the commission becomes final is to eliminate the possibility of confusion as to the beginning of the time period given the parties to seek judicial review of the assessment.

■ In the instant case, the Commission did not issue the certificate of assessment called for by T. C. A. § 67–831(b)(10), but issued a conditional certificate of assessment at the time it made its ruling. We find no statutory authority for the Commission's action. Neither do we see any justification for putting a judicial stamp of approval on the issuance of a conditional certificate in the face of the clear directive by the legislature that the certificate of assessment issue when the assessment becomes final—especially where, as in this case, a judicial broadening of the authority of the Commission would have the effect of depriving a party of a judicial review of the merits of the assessment. Therefore, we hold that the conditional certificate of assessment issued by the Commission on April 7, 1977, was of no effect. It results that there has been, as yet, no final certificate of assessment issued by the Commission. As this certificate is a prerequisite to judicial review, see T. C. A. § 67–831(b)(10), the petition must be dismissed. The dismissal is, of course, without prejudice to the right of the petitioner to seek judicial review when the Commission issues the final certificate of assessment.

The action of the Court of Appeals in dismissing the instant petition for judicial review is affirmed, with the qualifications set forth herein. Costs will be taxed to the petitioner.

HENRY, C. J., and FONES, BROCK, and HARBISON, JJ., concur.